IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAYNE TOTTLEBEN,
#450526,

        Plaintiff,

v.

ILLINOIS STATE POLICE OFFICER,

        Defendant.

Case No. 21-cv-00499-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Dwayne Tottleben, who is currently incarcerated at St. Clair County Jail, brings this action pursuant to 42 U.S.C. § 1983. Tottleben claims he was shot in the back while unarmed by an Illinois State Police Officer. (Doc. 1). He seeks monetary damages.

Under 28 U.S.C. § 1915A, the Court must first screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### COMPLAINT

Tottleben alleges that around late September or early October 2020 he was shot by an Illinois State Police Officer in the upper right area of his back. (Doc. 1). He claims that he did not have a firearm and he had "put [his] hands up" at the time he was shot.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count:

**Count 1:** Fourth Amendment claim against John Doe Illinois State Police Officer for using unreasonable force against Tottleben.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the Twombly pleading standard.**[1]

"A seizure for the purposes of the Fourth Amendment is unreasonable if it is accomplished through the use of excessive force." *Gonzalez v. City of Elgin,* 578 F. 3d 526, 541 (7th Cir. 2009). To state a claim for excessive force, a plaintiff must allege that police officers used force that was not objectively reasonable. *See Cyrus v. Town of Mukwonago,* 624 F. 3d 956, 861 (7th Cir. 2010), 624 F.3d at 861–62; *Fitzgerald v. Santoro,* 707 F. 3d 725, 732 (7th Cir. 2013).

Here, Tottleben has sufficiently pled that the excessive force used against him was objectively unreasonable, as he claims he was shot in the back with his hands in the air and unarmed. Count 1 will proceed against John Doe, Illinois State Police Officer.

## IDENTIFICATION OF THE UNKNOWN DEFENDANT

Tottleben will be allowed to proceed with Count 1 against the unknown officer. The Court will refer to the Illinois State Police Officer as "John Doe."[2] This defendant must, however, be identified with particularity before service of the Complaint can be made. Tottleben will have the opportunity to engage in limited discovery to ascertain his identity. *Rodriguez,* 577 F.3d at 832.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[2] For clarity, the Clerk of Court is **DIRECTED** to modify Defendant's name as follows: John Doe, Illinois State Police Officer.

The Director of the Illinois State Police, Brendan Kelly, will be added as a defendant in this action, in his official capacity only, and shall be responsible for responding to discovery aimed at identifying this unknown defendant. Guidelines for discovery will be set at a later date. Once the name of this unknown defendant is discovered, Tottleben must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

### MOTION FOR RECRUITMENT OF COUNSEL

Tottleben has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 2). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Tottleben states that, in an attempt to recruit counsel on his own, he has written a dozen lawyers. This statement, without names, addresses, or copies of letters, is not sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own, and so, Tottleben has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Accordingly, the motion is denied. Should he choose to move for recruitment of counsel at a later date, the Court directs Tottleben to include in the motion the names and address of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

For the reasons stated, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against John Doe, Illinois State Police Officer.

The Motion for Recruitment of Counsel (Doc. 2) is **DENIED**.

The Clerk of Court is **DIRECTED** to add **Brendan Kelly**, the Director of the Illinois State Police, as a defendant in his official capacity only for the purpose of identifying the John Doe defendant.

The Clerk of Court shall prepare for **Kelly** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Kelly need not answer or otherwise respond to the Complaint as he is only in this case for the purpose of identifying the John Doe defendant. He must only enter his appearance and will receive further instructions on discovery at a later date.

Service shall not be made on the unknown defendant, John Doe, until such time as Tottleben has identified him by name in a properly filed motion for substitution. Tottleben is **ADVISED** that it is his ultimately responsibility to provide the Court with the name and service address for this individual.

Pursuant to Administrative Order No. 244, Defendant John Doe, once identified, need only respond to the issues stated in this Merit Review Order.

If judgment is rendered against Tottleben, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Tottleben is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   March 21, 2022**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.