UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Dwayne Tottleben, ) | |
| ) | Case No. 21-cv-00499-SPM |
| Plaintiff, ) | |
| ) | Honorable Judge McGlynn |
| v. ) | |
| ) | |
| Officer Todd Hays and Troy, Illinois, ) | |
| Jeremy Coppotelli, and Village of ) | |
| Glen Carbon, Illinois, ) | |
| ) | |
| Defendant. ) | |

## **SECOND AMENDED COMPLAINT**

Plaintiff Dwayne Tottleben, through his attorneys Hale & Monico, complains of Troy Police Department Officer Todd Hays, the City of Troy, Illinois, Jeremy Coppotelli, and the Village of Glen Carbon, Illinois and states as follows:

## **PARTIES**

**1.** Plaintiff Dwayne Tottleben is a citizen of the United States.

**2.** Defendant Todd Hays was, during the relevant time, employed by the City of Troy, Illinois as a sworn law enforcement officer. He acted under color of law and within the scope of his employment during his interaction with Plaintiff. Defendant Hays is being sued in his individual capacity.

**3.** Troy, Illinois is a municipal corporation organized and doing business under the laws of the State of Illinois. During the relevant time, Troy, Illinois employed Defendant Hays as a law enforcement officer.

**4.** Jeremy Coppotelli was, during the relevant time, employed by the Village of Glen Carbon, Illinois as a sworn law enforcement officer. He acted under color of law and within the scope of

his employment during his interaction with Plaintiff. Defendant Coppotelli is being sued in his individual capacity.

5. Glen Carbon, Illinois is a municipal corporation organized and doing business under the laws of the State of Illinois. During the relevant time, Glen Carbon, Illinois employed Defendant Coppotelli as a law enforcement officer.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivations of Plaintiff's rights as secured by the Constitution of the United States. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331.

7. Pursuant to 28 U.S.C. § 1391(b)(2), the Southern District of Illinois is the proper venue for this action as the events giving rise to this litigation occurred within this jurisdiction, the City of Troy is located within this jurisdiction, and, upon information and belief, Defendant Hays resides in this jurisdiction.

## FACTUAL ALLEGATIONS

8. On or about October 8, 2020, Plaintiff was located in Madison County, Illinois.

9. At that time, law enforcement officers from Pontoon Beach, Glen Carbon, and Troy were searching for Plaintiff.

10. Defendant Hays was employed as a law enforcement officer by the City of Troy and was on duty and acting within the scope of his employment on October 8, 2020.

11. Defendant Coppotelli was employed as a law enforcement officer by the Village of Glen Carbon and was on duty and acting within the scope of his employment on October 8, 2020.

12. Plaintiff was hiding in a vehicle.

13. Plaintiff was not armed with any type of weapon.

14.  Defendant Hays located Plaintiff in the vehicle.

15.  Plaintiff was attempting to surrender to Defendant Hays and was putting his hands up.

16.  Defendant Hays shot Plaintiff.

17.  The bullet fired by Defendant Hays struck Plaintiff in the back.

18.  Plaintiff did nothing to indicate he was an imminent threat of death or great bodily injury to anyone at the time Defendant Hays shot Plaintiff.

19.  Plaintiff had nothing in his possession that could be mistaken for a firearm or other weapon.

20.  No firearm was recovered from the location where Plaintiff was shot by Defendant Hays.

21.  After being shot, Plaintiff was dragged from the vehicle.

22.  Defendant Coppotelli then deployed a taser device, which struck Plaintiff.

23.  Plaintiff was subjected to electrical shocks by the taser device deployed by Defendant Coppotelli.

24.  At the time Defendant Coppotelli deployed the taser device, Plaintiff had just been shot and was in severe pain. Plaintiff was not resisting or doing anything to justify the use of the taser device.

## CLAIMS

### Count I
### 42 U.S.C. § 1983
### Defendant Todd Hays

25.  Plaintiff incorporates all paragraphs of this Complaint as though set forth fully herein.

26.  Defendant Hays used deadly force when he shot Plaintiff.

27.  At the time of the shooting, Plaintiff was not an imminent threat of death or great bodily harm to any one and had given no indication that he was a danger to anyone.

**28.**    Plaintiff did not have any weapon in his possession at the time of the use of deadly force by Defendant Hays.

**29.**    The use of force by Defendant Hays was not reasonable based on the totality of the circumstances.

**30.**    As such, the use of force by Defendant Hays violated Plaintiff's rights under the Fourth Amendment.

**31.**    As a result of the violation of his rights under the Fourth Amendment, Plaintiff was injured.

**Wherefore,** Plaintiff prays for judgment against Defendant Hays on this Count and for an award of compensatory and punitive damages, costs, attorneys' fees under 42 U.S.C. § 1988, and for any other relief deemed just.

### Count II
### 42 U.S.C. § 1983
### Defendant Jeremy Coppotelli

**32.**    Plaintiff incorporates all paragraphs of this Complaint as though set forth fully herein.

**33.**    Defendant Coppotelli deployed a taser device at Plaintiff.

**34.**    At the time of the deployment of the taser device, Plaintiff was not performing any action that warranted the use of this force.

**35.**    The use of force by Defendant Coppotelli was not reasonable based on the totality of the circumstances.

**36.**    As such, the use of force by Defendant Coppotelli violated Plaintiff's rights under the Fourth Amendment.

**37.**    As a result of the violation of his rights under the Fourth Amendment, Plaintiff was injured.

**Wherefore,** Plaintiff prays for judgment against Defendant Coppotelli on this Count and for an award of compensatory and punitive damages, costs, attorneys' fees under 42 U.S.C. § 1988, and for any other relief deemed just.

### Count III
### Illinois State Law
### Indemnification
### City of Troy, Illinois

38.  Plaintiff incorporates all paragraphs of this Complaint as though set forth fully herein.

39.  In Illinois, public entities are required to pay any tort judgment for compensatory damages for which employees are liable so long as the employee acted within the scope of their employment activities.

40.  At all relevant times, Defendant City of Troy was the employer of Defendant Hays.

41.  Defendant Hays committed the acts alleged above under color of law and within the scope of his employment with Defendant City of Troy.

WHEREFORE, should Defendant Hays be found liable on the claim set forth above, Plaintiff requests Defendant City of Troy be found liable for any compensatory damages awarded against Defendant Hays, costs, attorneys' fees, and any other relief deemed just.

### Count IV
### Illinois State Law
### Indemnification
### Village of Glen Carbon, Illinois

42.  Plaintiff incorporates all paragraphs of this Complaint as though set forth fully herein.

43.  In Illinois, public entities are required to pay any tort judgment for compensatory damages for which employees are liable so long as the employee acted within the scope of their employment activities.

44.  At all relevant times, Defendant Village of Glen Carbon was the employer of Defendant Coppotelli.

**45.**    Defendant Coppotelli committed the acts alleged above under color of law and within the scope of his employment with Defendant Village of Glen Carbon.

WHEREFORE, should Defendant Coppotelli be found liable on the claim set forth above, Plaintiff requests Defendant Village of Glen Carbon be found liable for any compensatory damages awarded against Defendant Coppotelli, costs, attorneys' fees, and any other relief deemed just.

## JURY DEMAND

Plaintiff Dwayne Tottleben demands a trial by jury.

> Respectfully submitted,
> */s/ Shawn W. Barnett*
> Attorney No. 6312312

**HALE & MONICO, LLC**
53 W. Jackson, Suite 330
Chicago, IL 60604
HaleMonico.com
sbarnett@halemonico.com
(312) 870-6905

## **Certificate of Service**

I, the undersigned attorney, certify that I filed the foregoing using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

*/s/ Shawn W. Barnett*