IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAYNE TOTTLEBEN,
#450526,

      Plaintiff,

v.

TODD HAYS,
CITY OF TROY,
JEREMY COPPOTELLI, and
VILLAGE OF GLEN CARBON,

      Defendants.

Case No. 21-cv-00499-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    This matter is before the Court for case management purposes. Plaintiff Dwayne Tottleben commenced this action by filing a Complaint pro se alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). At the time, Tottleben was in custody at the St. Clair County Jail and so, in accordance with 28 U.S.C. § 1915A, the Court conducted a preliminary review of his Complaint. (Doc. 13). Tottleben was allowed to proceed with a single count against John Doe Illinois State Police Officer for the use of unreasonable force. The Director of the Illinois State Police, Brendan Kelly, was added to the docket for the purpose of aiding Tottleben in identifying the John Doe Defendant.

    On April 8, 2022, Tottleben, still representing himself, submitted an amended complaint that was filed by the Clerk of Court as a Motion for Leave to File Amended Complaint. (Doc. 15). The motion is still pending. On May 24, 2022, Attorney Shawn William Barnett entered his appearance on behalf of Tottleben and filed an amended complaint that same day. (Doc. 23). On June 1, 2022, Attorney Barnett filed another amended complaint, labeled Second Amended

Complaint. (Doc. 25). The Second Amended Complaint lists Todd Hays, City of Troy, Jeremy Coppotellli, and Village of Glen Carbon as Defendants. Attorney Funk has entered an appearance on behalf of Defendants Hays and City of Troy.

There are two issues in this case that need to be addressed. First, determining which document is the operative complaint. As Tottleben is now represented by Counsel, the Court will deny his motion for leave to amend. (Doc. 15). That leaves the two amended complaints on the docket filed by Attorney Barnett. Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). In all other instances, a party may amend only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2).

The First Amended Complaint was properly filed as a matter of course, but Attorney Barnett did not seek leave to file the Second Amended Complaint. Additionally, the Second Amended Complaint does not comply with Local Rules, which require that "[a]ll new material in an amended pleading must be underlined." SDIL-LR 15.1. Despite these errors, the Court will *sua sponte* grant leave to amend. It is early in the case and not all Defendants have been served. *See Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc.,* 125 F. 3d 468 (7th Cir. 1997) (the Court should freely permit parties to amend their complaints). The Court does not find that allowing further amendment at this time would prejudice the opposing parties. *See Law Offices of David Freydin, P.C. v. Chamara,* 24 F. 4th 1122, 1133 (7th Cir 2022) (reviewing whether denial of leave to amend caused prejudice to the appellant). Accordingly, the operative complaint is the Second Amended Complaint, Doc. 25.

Second, even though Tottleben is now represented by counsel, the Court must still conduct

a preliminary review of the Second Amended Complaint pursuant to Section 1915A. Accepting Tottleben's allegations as true, the Court finds that he has articulated a colorable federal cause of action against Defendants for constitutional and supplemental state law claims arising from the use of excessive force by Defendants Hays and Coppotelli in October 2020. Tottleben may proceed with his claims against Defendants.

Tottleben is proceeding *in forma pauperis* in this matter, and the Court is responsible to "issue and serve all process." 28 U.S.C. § 1915(d). However, it appears from the docket that Attorney Barnett has already undertaken serving Defendants in this matter. Therefore, the Court will not direct the Clerk of Court to serve process on the newly added Defendants.

### DISPOSITION

For the reasons stated above, the Motion for Leave to File Amended Complaint (Doc. 15) is **DENIED.**

The Court *sua sponte* **GRANTS** leave to amend. The Second Amended Complaint is the operative complaint in this matter. (Doc. 25). The Second Amended Complaint survives preliminary review pursuant to Section 1915A. As Plaintiff Tottleben has commenced service on Defendants, the Court will not order the Clerk to issue and serve the newly added parties.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS SO ORDERED.**

**DATED:** June 30, 2022

　　　　　　　　　　　　　　　　　　　　　  s/Stephen P. McGlynn  
**STEPHEN P. MCGLYNN**  
**United States District Judge**